Hillary Hillary Hillary the United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and it's honorable court. Thank you Valerie. Welcome everybody this is Judge Newsom sitting this week with my colleague Judge Lisa Branch and she and I would like to welcome to our panel today Judge Stan Baker who is a district court judge on the southern district of Georgia. Before that was a magistrate judge in that district. Before that was a litigator in private practice and before that if Wikipedia is to be believed he was a ranch hand in Montana so cross him at your peril. But Judge Baker thank you so much for being with us today and for helping us with our with our work we really appreciate it. Thank you Judge Newsom for that kind introduction. I sincerely appreciate it. All right and to our attorneys most of you have probably been before us in the past. You know the the ground rules. I would ask that you be mindful of your time. It's short so please dispense with any niceties, factual recitations, procedural histories and just proceed directly to the most salient points of your argument. We don't have a lighting system of course on the telephone but Valerie our courtroom deputy will let you know when you have two minutes remaining in your presentation. When she tells you that your time has expired feel free to finish your thought but please do wrap it up. If we have questions that take you beyond the appointed time that's fine. All right and with that I will introduce our first case which is United States of America versus David Delgado. I show that Mr. Bradford here is is here for the appellant and Mr. Gray is here for the United States. Mr. Bradford you may open and I see that you've reserved four minutes for rebuttal. That's correct your honor. Very well fire away. This is William Bradford on behalf of Mr. Delgado. May it please the court. There were three points raised in the briefs and I will cut straight to the chase on those points as we see them. The first is the probable cause issue on the search warrant. In this case I think the government based on their briefing is relying on a notion that it is reasonable to conclude that someone would take the fruits of a crime or instrumentalities of a crime and put them at their residence and the cases that they rely on are indicative of that. They are typically theft cases where an object or item is stolen. Yes. Mr. Bradford this is Judge Baker and before we get into the specifics of your argument on that why doesn't the good faith exception control this issue? In other words can't we just find that even if the search warrant affidavit was deficient in some respect the officers acted in good faith and reasonable reliance on one when conducting the search of Mr. Delgado's home? Your Honor I think that the good faith exception doesn't apply in this case because Deputy Thomas was the author of the affidavit and the warrant and there were internal problems with those at the affidavit and the warrant that I think placed it beyond reasonable reliance. Pointedly the affidavit speaks in terms of seeking property that is connected to the purchase of a controlled substance. It speaks in terms of the object of the search warrant being used to commit in the future the crime of a possession of a controlled substance. When we get to the warrant it doesn't speak in terms of items related to the purchase of a controlled substance but instead it says the items were related to the sale of a controlled substance and in this case at the time that he authored the affidavit Deputy Thomas knew that the two packages the only two packages that we know of that contain contraband were being held still by himself that they were not his possession and so and I think that is also indicative of him putting the crime of unlawful possession of a controlled substance a state law crime which would require actual or constructive possession when he knows that these these drugs will never make it into the possession of Mr. Delgado. So I think because of those problems in the warrant affidavit and the warrant itself and the fact that he authored those I think puts him in a position where he can't really reasonably rely on his own work product where the errors are internal to those work products. Just to be clear there's as always in law there's the rule the exceptions of the rule and the exceptions to the exception and there's four exceptions to the good faith requirement and it appears that you're not relying upon the exceptions of misled by knowingly false information or the magistrate abandons his judicial role those exceptions to the exception you're not traveling under those correct? I think that that's a fair statement to some degree I I think the magistrate inherently has a problem serving their role correctly when they are given information which is if not false misleading or just simply incorrect but I think that bears more toward what the exception of reasonable reliance on the author of the affidavit. Okay proceed thank you. The search warrant affidavit and the search warrant in the case or strictly rely on one thing and that is Deputy Thomas's notion that or hunch I would say that people keep things fruits of crime instrumentality that their residence because it's convenient it's a safe place it's a place they have relative privacy but in this case that that notion breaks down because of the fact that the contraband was kept by the by the police and there is nothing in the affidavit. This is Judge Newsom so I guess even before we get to good faith I mean I guess I'm curious about probable cause itself and if you know if the standard of probable cause is something like fair probability why is it that two would-be deliveries of drugs to a named person at that named person's residence plus the detective's past experience call it a hunch why is that in the aggregate not sufficient I just don't think I understand that. I think it's because that is the only thing that it's reliant on there and and the court has seen many affidavits of officers as well as counsel there's no confidential informant making a purchase in the past there's no word on the street related in the in the affidavit or confidential informant providing information there's no observations by officers no one anywhere in the affidavit it doesn't say that anyone ever saw any illegal activity or any contraband at the residence the only thing that it says is that we believe there may be documentation not even the fruits or instrumentalities but just mere evidence in the form of some document to support the fact that he is the one that ordered it the affidavit itself says you know it's my belief that David Delgado or some other unknown person who has a connection to the address so even in the affidavit Thomas is not completely confident that it is mr. Delgado and I think it's relying on basically I don't want to call it a presumption but I think just a notion that that this is where things are normally kept in this case this was a product or counsel this is Lisa branch let me ask you a question if the police had executed to Kevin's point to judge Newsom's point about probable cause if the police had executed a controlled delivery instead would you still have an objection to probable cause I don't think that I would because I think at that point it would be really in the nature of an anticipatory search warrant in a way and they would have knowledge that the that the actual contraband would be there in this case they knew for a fact that it would not be there and I think surely you're not requiring that in all circumstances here we have two packages that have tested positive for controlled substance both addressed to your client going to that address coming from an address in China that that the the agents had experience with surely you're not requiring in all circumstances that the police execute a controlled delivery are you I don't think that I can require that I think in this case the nature of him ordering it off the internet is instructive though because it it opens up the possibility the order could have been done on another computer an office computer a cell phone or a computer at his home and would not necessarily generate a paper document it may be in a computer it may be stored on a cloud the the ability to rely on the fact that there would be a piece of paper at his home I think is undermined by the nature of the purchase and it being an internet sale to begin with the other thing I'd point out is the Homeland Security officer Hoffman and Thomas both testified that they had participated in numerous types of mail delivery schemes and Hoffman said that he had seen this address over 50 times but no one said they had ever seen mr. Delgado's name or address associated other than these two packages so there wasn't a track record of him being on their radar or the address being on their radar and so there wasn't a notion that maybe there were there were prior purchases that would be found some other paperwork from a prior purchase you're strictly dealing with we're looking for a receipt which may or may not exist that would be at his home but we don't know if he made the purchase at the home we don't know if he's the one that made the purchase to begin with so I think that is a very thin amount of probable cause and in this case I don't you know our position is it's not enough I would like to address counsel counsel this is Lisa branch let me ask you just one question we're the only thing that your client is today is the search of the home and the silencers correct there are some issues about sentencing but as far as the warrant that's what you're not your client is it has abandoned any challenge to the controlled substance conviction correct I'm not below you move to suppress the information that the drugs in the packages in your client statements you are not challenging those anymore correct not challenging the count that he that he played on no ma'am the the other point I like to make is on the relevant conduct and sentencing this circuit is one of only of a couple that has not definitively said that relevant conduct must be criminal conduct and I think that becomes a calculation of the offense level based upon the weight of the drugs in the first package in count one count one was dismissed and I think it would the government had to show it sentencing in order for it to be relevant conduct that the conduct was criminal and in this case because at the time it was purchased and delivered it was merely an analog under McFadden I think the government would have to show that mr. Delgado had knowledge of the illegality of the substance and all evidence thank you mr. Brackett is judge Baker and I know our time is short I started to cut you off but there's one issue that I'm not sure was sufficiently covered in your brief that I want to get to why doesn't 90 states be keen control you know the district court said essentially it would have imposed or not just essentially did they would have imposed the same range of sentence independent of the guideline calculations so why doesn't King just control because I don't see an argument in your brief for the sentence was substantively unreasonable on keen this is what I would respond a keen is is a problem in a way but I think in this case when we look at how drastically the guideline numbers would change if if the objections were it has expired you can finish up I think it's the drastic nature of the change in the guidelines it's one thing to say that we would have ended up at 36 months if the if the numbers had only changed slightly in this case depending on how the court holds it could change drastically based upon including the relevant conduct from the first count thank you very much mr. thank you your honor I am Scott gray speaking on behalf of the United States of America may it please the court in this appeal the court must decide whether officers had a lawful basis to enter Delgado's residence and whether his 36 month sentence is reasonable this court should affirm turning first to the conviction it appears to now be clear that Delgado is not challenging the controlled substance conviction he's only challenging the searches to the district court found judge grenade handled the suppression motion and her analysis essentially proceeded in four steps one there were two lawful extended border searches of the packages second officers obtained a search warrant for documents related to those shipments and had probable cause to obtain that warrant third officers lawfully could search the safe for evidence of the documents and fourth the firearm silencers were in plain view once officers looked for documents inside the safe to be clear but Delgado has only challenged the second step in that chain of analysis namely whether the officers had a lawful basis to be in the home pursuant to the search warrant the search warrant was both valid because it was supported by probable cause and alternatively the officers acted in good faith first turning to the probable cause standard as the court noted the standard for probable cause is deferential there has to be a fair probability that contraband or evidence of a crime will be inside the residence and the affidavit should connect the defendant to the residence and the residence to criminal activity this analysis is ultimately governed by a common-sense approach the search warrant affidavit met this standard because it linked the residence to criminal activity it linked Delgado to the residence and it identified what officers expected to find based upon their training and experience with the two packages sent in rapid succession I think the affidavit indicated roughly a 10-day gap I think the testimony at the suppression hearing was roughly five days but essentially a relatively quick succession it was reasonable for the officers to conclude that this was consistent with the source of supply and that they had a reasonable basis to believe that documents and information related to these shipments would be found inside the residence even if the court disagreed with that as we noted in our brief the good-faith exception would have applied here because the officers conducted a careful discussion among themselves and the suppression transcript ultimately reflects that they discussed the matter and decided that a controlled delivery would be difficult here given the nature of the house I believe there was a locked gate and other features that would have made it difficult to consummate the control delivery and therefore they had a reasonable discussion and ultimately conducted a reasonable search based on their reliance of the warrant as I believe Judge Baker noted there are four essentially exceptions to the good-faith principle and I would note as a threshold matter that the good-faith analysis is broad precisely because the expectation is that law enforcement officers who obtain warrants can then reasonably rely on those warrants as they carry out their law enforcement duties and therefore the exceptions are relatively exacting misleading information the magistrate wholly abandoned his judicial role it was so lacking in indicia of probable cause that it rendered official belief in the existence of the warrant entirely unreasonable or the warrant was otherwise facially deficient none of those none of those premises are present in this case here the warrant certainly provided sufficient indicia of probable cause that an officer could reasonably believe that the that the warrant was valid they could execute that warrant and then they could also seize contraband in plain view as they executed that warrant and again Delgado hasn't challenged any of the other aspects of the search in this case again this is Judge Baker in his argument in response to my question mr. Bradford pointed out the deputy Thomas was not only the affiant but also was involved in the execution of the warrant I believe does that matter in our good-faith analysis I don't think it would matter here because I think the record suggests that deputy Thomas acts in good faith throughout he provides he supports the warrant on the basis of his professional experience in these in these sorts of interdictions his expectations and what he expects to find and it's also important to note he conducted an independent investigation here as I read the affidavit it essentially proceeds in three steps the first step addresses the extended border searches which revealed the contraband the second was deputy Thomas's own investigation into the residence to confirm both that number one it was a legitimate residence it wasn't some sort of a residence that didn't actually exist and then second to find multiple aspects of record that tied Delgado to that residence so I think here ultimately the officers conduct was reasonable throughout and that ultimately is why the good-faith exception should apply here his conviction should stand on that basis and unless the court has further questions on the warrant I would turn to the sentence okay here let me ask you one question about the warrant so I'm looking at at the face of the warrant right now is there any problem that it toward the end of the warrant says it is my belief that David Delgado or some other unknown person who has a connection with the address ordered both parcels and had them shipped there is this is there any concern that even though the the packages were addressed to mr. Delgado that it is the the warrant leaves open the possibility of some other person having been the person who ordered the drugs no your honor and here's why I think even if we accept that deputy Thomas is hedging slightly in that this could be another person with a connection to the residence using Delgado's name there is a strong connection of this residence to criminal activity namely the importation or shipment of multiple packages of controlled substances in rapid succession into the United States of America it certainly is true that not every single package addressed to every single to every single residence would always give rise to a basis for a warrant but probable cause is ultimately a fact-intensive inquiry that turns on the facts and circumstances of each case with a heavy dose of deference to the nature of the law enforcement investigation and the officers experience and what I read deputy Thomas to be saying from a common-sense point of view is that the two packages are clearly connected to the residence they're both addressed there Delgado is clearly connected to the residence there are multiple items of evidence that suggest that he owns the residence and is the sole owner and that certainly Delgado or someone connected to him ordered these parcels and had them experience as a law enforcement officer there are commonly items related to the shipments and I would note also just as a brief clarification of course the affidavit is in the record twice in this case it's both as an exhibit to one of the defendants replies that they subsequently amended document number 26 it's also exhibit number defendants exhibit number one from the suppression hearing the only distinction being from what I saw that the document filed at the hearing included a subsequent state court file stamp on it when it was submitted in the state court records in July of 2017 and counsel counsel you said multiple packages arriving from abroad in rapid succession there were two packages in this case what if what if there only been one package that had been seized by agents and would that have been enough to support a warrant so your honor I want to I think that's a very close call and let me explain why it may have still been enough here because there were very strong indicators that this defendant was the owner of this residence and the the shipping of the package was so clear I would suggest that you would possibly have to inject another ambiguity into here for example the the it's addressed to the residents but the name on the package doesn't correspond with an owner or someone connected to the residence or that there's a name or an owner but it's connected to a residence in which they don't live and if you then injected those multiple ambiguities into the situation I think you would lack probable cause I would say that you would have enough to nudge it across the line with one package here but it would be a very close call but with two in the investigation there certainly was enough to nudge this across across the line of there being a fair probability that evidence of the of this criminal activity would be found inside the residence turning to the sentencing issues the first question here is the keen analysis which I believe Judge Baker asked about in which Delgado I don't believe addressed in his in his brief ultimately what King says is that if the district court indicates that it would have imposed the same sentence regardless then then the any error is assumed to be harmless now there is a suggestion that the variance here would have been too severe but that simply isn't the case number one it's not even entirely clear what the variance would have been because the probation officer indicated in the sentencing record that if the firearm guideline had applied instead of the drug guidelines then the ultimate sentencing range would have been essentially the same but moreover even if you accept at face value that Delgado could have gotten the sentencing range down to the lowest possible range of the guidelines which would have been a zero to six month sentence the 36 month sentence here was still reasonable for the reasons that the district court explained when it ultimately imposed the sentence namely that Delgado had shown a disregard for the law that he had another legal substance called kratom that was found inside the residence and simply that that his conduct in having these products shipped from across international boundaries in the United States and having them handled by different employees who had to get this get these transactions from point A to point B put people at risk moreover even if the court looks past the Keene statement or found that the Keene statement was ambiguous the district court properly applied the sentencing analysis in this case first turning to the relevant conduct issue it's not entirely clear that the guidelines only intend to include criminal conduct both the definition of relevant conduct and the commentary applying that explain that it's broad the comments explain that the principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability similarly the definition of controlled substances and analogs in the drug guideline in section 2d 1.1 are similarly broad ultimately though the court doesn't have to reach that question that ultimate question because even if it gives Delgado the benefit of the doubt the United States still made a McFadden showing for purposes of sentencing even if the court applies the McFadden standard of knowledge which essentially is twofold for purposes of analogs number one knowledge can be established through evidence the defendant knew he was dealing with a controlled substance even if he did not know its identity or to the defendant knew the specific analog he was dealing with even if he did not know its legal analysis is an analog the court still would have to adapt that standard to the relatively lower threshold that applies for purposes of for purposes of sentencing and even in McFadden the court made clear in footnotes one and three I believe that knowledge thank you so much the McFadden court made clear that knowledge is not just shown by direct evidence knowledge can be shown by circumstantial evidence and here there's a strong showing of circumstantial evidence regarding Delgado's knowledge number one there were multiple shipments of these substances including one that he acknowledges was a controlled substance and the district court found that that was consistent with Delgado attempting to establish a source of supply deputy Thomas testified at the sentencing hearing that Delgado referred to the powders as research chemicals and it admitted that he took them to help him sleep and used them as a substitute for a prescribed drug which strongly suggests that he that he was aware of what these powders were Delgado also testified at the sentencing hearing and attempted to offer his own innocent explanation for these powders and the district court found that his testimony was not credible this testimony supports his consciousness of guilt therefore this is Judge Baker and understand arguments you're making you lay those out in detail in your brief but one thing about your keen argument that I was wondering the sentencing judge here judge Moore did not specifically state you know that the exact sentence would have been the same regardless of the guidelines and typically when a district judge makes a keen statement it's during the pronouncement of the sentence rather here the language you rely upon in your brief was before the lawyers made arguments about the 3553 a factors was right after the guideline determinations were made and I also don't see where a statement of reasons was filed oftentimes the statement of reasons was filed by the district court so that matter I mean where it was pronounced and that there's not a statement of reasons does that matter and I'm apologizing I've taken up too much of the time didn't you know it's fine no your honor and I by my account my time has either expired or as close may I respond to your question please answer judge Baker's question thank you your honor I think the response here is that certainly this keen statement is different from the ordinary statement in that it is made before that time but I think the statement read as a whole is an indication from the court that it is going to be guided by the section 3553 a factors the court indicates essentially this is the range of sentences that I think would be appropriate even if the guidelines did not apply and then asked the parties and the defendant to provide guidance on where the Senate should fall and the court ultimately sentenced at the low end of that range I don't recall whether a statement of reasons was filed in the record or not but but I would suggest still that that doesn't ultimately render the sentence unreasonable and in addition the sentence would have been appropriate even under the guidelines calculations if the court considers them a new with that if there are no further questions I respectfully would ask the court to affirm thank you very much mr. Bradford you've got four minutes remaining thank you your honor I would start by saying I think that the question about the statement in the affidavit about some unknown person I think it does matter and I think I what I have seen in other cases sometimes addresses are used as a mail drop something is delivered and then the package and everything with it is taken away from the address so I don't think and that's fairly common in narcotics world and I and I think we can't assume that simply because it was addressed to mr. Delgado's home that it would be there or that that's where it would ultimately stay or that there would be any any evidence of the contraband or delivery in this case there is absolutely no evidence that any contraband was ever delivered to mr. Delgado prior to this and I think that's instructed by the fact that this address for the sender had been monitored for a very long time by Homeland Security they had they had identified over 50 packages originating from that address but none of them apparently until this time had been addressed to mr. Delgado so I think it's it's not fair to say that there was some track record of him receiving packages we are strictly dealing with two packages in the span of a couple of weeks packages that were not delivered and I and I think that that makes a difference because it you know deputy Thomas is making an assumption that because it's addressed to his house that it would be him and that it would still be there and I don't think that those are as potent as they seem in this affidavit as far as good faith here's I think the bottom line on good faith for us is this the particularity of the warrant matters under Grove versus Ramirez and Thomas wrote this affidavit but he wrote it sloppily and in the affidavit he talks about evidence of the purchase of controlled substances in the warrant it says it's looking for evidence of the sale there was never evidence of any sale ever there was absolutely no evidence anywhere in the case of a sale Thomas knew that Thomas said that on the stand he said that he his belief that Delgado was was purchasing these for his own personal use so you know I think that those would count as a defect in the particularity of the warrant if nothing else that he should not be able to rely on frankly that the wording of the of the affidavit and the warrant or are all over the place I mean and it's far too general for him to come in and say you know one I'm looking for purchase information and now I'm looking for sale information and now I'm looking for as grounds that I'm looking for information that would be used in the future to commit some crime and none of those are the case here what he is is attempting to do is to serve a warrant for mere evidence legal documentation that otherwise does not show a crime but not merely as evidence of some other act that may be a crime and I think that's that's the difference and I don't think he can wrong good faith because he is the author of the affidavit on keen I would say this that as the factors relied on by the district court are eliminated in some way or undercut in some way the more that happens the further we get from a level of confidence that the district court statement that the same sentence would be given regardless of the guidelines that starts to fall away and I think in this case if no if there were no search warrant if the court found that there was no probable cause that the the variance downward to 36 months would end up being an upward departure because we would be looking at 1.27 kilograms of marijuana equivalent which would be an offense level of 6 which is 0 to 6 months so the court would have to actually go up to 36 months as opposed to varying downward and I think that's such a drastic change that it undercuts a statement that this is this is where we would have arrived at regardless of all these factors and the more the factors fade away the more the confidence that that would be the appropriate sentence phase away and I believe I believe my time is up okay mr. Bradford mr. gray thank you very much appreciate the good define argument on both sides that case is submitted and we'll